JEFFREY E. DANLEY (State Bar #238316)
JeffD@seedip.com
SEED IP LAW GROUP LLP
701 Fifth Avenue, Suite 5400
Seattle, WA 98104
Tel. 206-622-4900
Fax. 206-682-6031

*Attorneys for Defendant*
*Blackmagic Design, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CEDAR LANE TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> BLACKMAGIC DESIGN, INC., <br><br> Defendant. | Case No. 3:20-cv-01302-VC <br><br> DEFENDANT'S MOTION TO STRIKE, OR IN THE ALTERNATIVE TO DENY ENTRY OF, PLAINTIFF'S THIRD AMENDED COMPLAINT <br><br> Date: October 1, 2020 <br> Time: 10:00 a.m. <br> Judge: Honorable Vince Chhabria |

## TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................................1

    I.    Statement of Issues to Be Decided..........................................................................1

    II.    Introduction.............................................................................................................1

    III.    Statement of Relevant Facts...................................................................................2

ARGUMENT.....................................................................................................................................5

    I.    The Third Amended Complaint Should Be Struck Because Plaintiff Failed to Comply with the Requirements of Rule 15 When Filing the Amended Pleading ................................................................................................5

        A.    Legal Standard ............................................................................................5

        B.    Because Plaintiff Did Not Seek Agreement from Blackmagic or Leave of this Court When Filing the Third Amended Complaint, That Complaint Is a Nullity and Without Legal Effect, and Should Be Struck Under the Court's Inherent Powers and Rule 12(f) ....................................................5

    II.    Alternatively, Entry of the Third Amended Complaint Should Be Denied Under Rule 15 Because the Amendment Is Futile and Because Plaintiff Has Already Filed Multiple Amended Complaints ...................................................................................................................7

        A.    Legal Standard ............................................................................................7

        B.    Plaintiff's Third Amended Complaint Is Futile Because It Still Fails to State a Plausible Claim for Induced Infringement and Would Be Subject to a Motion to Dismiss Under Rule 12(b)(6)..............................................................................8

CONCLUSION................................................................................................................12

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Anderson v. Google Inc.*,
  No. 12-cv-06573, 2013 U.S. Dist. LEXIS 80573 (N.D. Cal. June 6, 2013) ........................... 12

*Ascon Properties, Inc. v. Mobil Oil Co.*,
  866 F.2d 1149 (9th Cir. 1989) ................................................................................... 7, 12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................... 8, 9

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................... 8, 9

*BNSF Ry. Co. v. San Joaquin Valley R.R. Co.*,
  No. 1:08-CV-01086-AWI-SMS, 2010 U.S. Dist. LEXIS 105405 (E.D. Cal.
  Sept. 15, 2010) ................................................................................................................ 6

*Brown v. Wells Fargo Bank, N.A.*,
  No. 2:19-cv-260-MCE-KJN PS, 2019 U.S. Dist. LEXIS 219375 (E.D. Cal.
  Dec. 19, 2019) ............................................................................................................ 8, 11

*Cafasso v. Gen. Cynamics C4 Sys.*,
  637 F.3d 1047 (9th Cir. 2011) ......................................................................................... 8

*Californians for Renewable Energy v. Cal. PUC*,
  922 F.3d 929 (9th Cir. 2019) ........................................................................................... 8

*Castro v. G.L.R. Constr.*,
  No. 5:15-cv-05492-EJD, 2016 U.S. Dist. LEXIS 86920 (N.D. Cal. July 5,
  2016) ............................................................................................................................. 5, 6

*Commil USA, LLC v. Cisco Sys., Inc.*,
  135 S. Ct. 1920 (2015) .................................................................................................... 9

*Estate of Rennick v. Universal Credit Servs., LLC*,
  No. , 2019 U.S. Dist. LEXIS 143318 (E.D. Penn. Aug. 22, 2019) ................................. 7

*Fluidigm Corp. v. Ionpath, Inc.*,
  No. C 19-05629 WHA, 2020 U.S. Dist. LEXIS 12154 (N.D. Cal. Jan. 24, 2020) ......... 10

*Gengler v. United States*,
  463 F. Supp.2d 1085 (E.D. Cal. 2006) ............................................................................ 6

*Google LLC v. Princeps Interface Techs. LLC*,
  No. 19-cv-065660-EMC, 2020 U.S. Dist. LEXIS 52753 (N.D. Cal. Mar. 26,
  2020) ............................................................................................................................. 10

*Guthrie v. Hurwitz*,
  No. 1:18-cv-282 AWI-BAM, 2018 U.S. Dist. LEXIS 141072 (E.D. Cal. Aug.
  20, 2018) ......................................................................................................................... 6

*Hardin v. Wal-Mart Stores, Inc.*,
    813 F.Supp.2d 1167 (E.D. Cal. 2011) ........................................................................................6

*Hoover v. Blue Cross & Blue Shield*,
    855 F.2d 1538 (11th Cir. 1988) ..................................................................................................6

*Hypermedia Navigation v. Google LLC*,
    No. 18-cv-06137-HSG, 2019 U.S. Dist. LEXIS 56803 (N.D. Cal. Apr. 2, 2019) .................10

*King v. Timber Ridge Trading & Mfg. Co.*,
    No. 2:19-cv-01617-RAJ, 2020 U.S. Dist. LEXIS 70195 (W.D. Wash. Apr. 21,
    2020) .........................................................................................................................................6

*Larry O. Crother, Inc. v. Lexington Ins. Co.*,
    No. 2:11-cv-00138-MCE-GGH, 2011 U.S. Dist. LEXIS 35774 (E.D. Cal.
    March 21, 2011).....................................................................................................................5, 6

*Levit v. Yelp! Inc.*,
    765 F.3d 1123 (Fed. Cir. 2014) ..................................................................................................8

*Loehr v. Ventura County Community College Dist.*,
    743 F.2d 1310 (9th Cir. 1984) ....................................................................................................8

*Logic Devices, Inc. v. Apple Inc.*,
    No. C 13-02943 WHA, 2014 U.S. Dist. LEXIS 3157 (N.D. Cal. Jan. 7, 2014).....................10

*McGlinchy v. Shell Chemical Co.*,
    845 F.2d 802 (9th Cir. 1988) ....................................................................................................11

*Murray v. Archambo*,
    132 F.3d 609 (10th Cir. 1998) ....................................................................................................6

*Stetz v. Reeher Enters.*,
    70 F. Supp. 2d 126 (N.D. N.Y. 1999).........................................................................................6

*UNILOC USA, Inc. v. Apple Inc.*,
    No. C 18-00359 WHA, 2018 U.S. Dist. LEXIS 75225 (N.D. Cal. May 2, 2018)........ 9, 10, 11

*United States ex rel. Mathews v. HealthSouth Corp.*,
    332 F.3d 293 (5th Cir. 2003) ......................................................................................................6

*Van Buskirk v. CNN*,
    284 F.3d 977 (9th Cir. 2002) ....................................................................................................11

*Vaupen v. Branston*,
    No. 17-cv-05453-DMR, 2018 U.S. Dist. LEXIS 80280 (N.D. Cal. May 10,
    2018) ..........................................................................................................................................5

*Vita-Mix Corp. v. Basic Holding, Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009) ..................................................................................................9

**STATUTES**

35 U.S.C. § 271(b) ............................................................................................................................9

**RULES**

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 1, 8, 9, 11

Fed. R. Civ. P. 12(f) .................................................................................................... 1, 5, 6, 7, 12

Fed. R. Civ. P. 15 ....................................................................................................... 1, 2, 3, 5, 6, 12

Fed. R. Civ. P. 15(a)(1) ............................................................................................... 3, 5

Fed. R. Civ. P. 15(a)(2) ............................................................................................... 1, 6, 7

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on Thursday, October 1, 2020, at 10:00 a.m., or as soon thereafter as it may be heard, in Courtroom 4 of the U.S. District Court for the Northern District of California located at 450 Golden Gate Avenue, San Francisco, California 94012, before the Honorable Judge Vince Chhabria, Defendant Blackmagic Design, Inc., ("Blackmagic") will, and hereby does, bring this Motion to Strike, or in the Alternative, to Deny Entry of, Cedar Lane Technologies, Inc.'s ("Cedar Lane" or "Plaintiff") Third Amended Complaint.

## RELIEF REQUESTED

Blackmagic seeks an order striking the Third Amended Complaint under the Court's inherent powers and under Rule 12(f).  Because Cedar Lane improperly filed the Third Amended Complaint without seeking agreement from Blackmagic or permission from the Court, contrary to Rule 15(a)(1), that pleading is a nullity and has no legal effect.  Accordingly, Blackmagic requests that the Third Amended Complaint be struck under Fed. R. Civ. P. 12(f) and the Court's inherent powers as impertinent and/or immaterial.  Alternatively, Blackmagic seeks an order denying entry of the Third Amended Complaint under Rule 15 because the amendments to that complaint are futile.  In particular, Plaintiff still has not adequately pled its allegations of induced infringement of the asserted patents as required under Rule 12(b)(6).  This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, and such further evidence and argument as may be submitted prior to or at the hearing before this Court.

Dated:  August 14, 2020.                    Respectfully submitted,

SEED IP LAW GROUP LLP

 s/Jeffrey E. Danley
Jeffrey E. Danley
701 Fifth Avenue, Suite 5400
Seattle, WA 98104
Tel. 206-622-4900
Fax. 206-682-6031
JeffD@seedip.com
Attorneys for Defendant

Case No. 3:20-cv-01302-VC           v          DEFENDANT'S MOTION TO STRIKE,
                                                OR ALTERNATIVELY DENY ENTRY
                                                OF, THIRD AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      Statement of Issues to Be Decided**

1.      Should Plaintiff's Third Amended Complaint be struck because Plaintiff has already filed a First Amended Complaint as of right, already filed a Second Amended Complaint without meeting the requirements of Rule 15(a)(2), and did not obtain agreement from Blackmagic or permission from the Court before filing its Third Amended Complaint?

2.      Separately, should entry of Plaintiff's Third Amended Complaint be denied under Rule 15 because Plaintiff's proposed amendments to its allegations of induced infringement of U.S. Patent No. 6,972,790 ("the '790 Patent") and U.S. Patent No. 8,537,242 ("the '242 Patent") (collectively, "the Asserted Patents") still fail to state a claim as required under Rule 12(b)(6) and thus are futile, and because Plaintiff has had multiple opportunities to amend its pleadings to correct this issue?

**II.     Introduction**

Plaintiff Cedar Lane filed three amended complaints in the month of July.  For the last two of its amended complaints, Plaintiff failed to abide by the requirements of Rule 15 and instead, unilaterally filed its second and third amended complaints without seeking agreement from Blackmagic or obtaining permission from this Court.  Even though Blackmagic pointed out this irregularity for the Second Amended Complaint in its Notice of Non-opposition, Plaintiff chose to use the same improper tactic in filing its Third Amended Complaint.  The result of filing a pleading outside of the provisions of Rule 15 is to make that pleading a nullity having no legal effect.  That result is entirely appropriate here where Plaintiff has twice disregarded the requirements of Rule 15 in the same way.  Because the Third Amended Complaint has no legal effect, the Court has discretion to strike this pleading under its inherent powers and Rule 12(f).

Alternatively, even if the Court were inclined to deal leniently with Plaintiff in this instance and consider the Third Amended Complaint, entry of this pleading should be denied under Rule 15 because the pleading is futile.  In particular, Plaintiff is using the Third Amended

Complaint to buttress its allegations of induced infringement. To do so, Plaintiff added one (1) sentence to this allegation and cited two (2) references, for the first time as supposedly supporting its inducement claim. Both of the references, a Blackmagic instruction manual and web-page, discuss multiple operations and functionalities featured on the accused Blackmagic camera, yet the Third Amended Complaint does not identify which instruction(s) or direction(s) actually induce the users of the accused Blackmagic camera to infringe. For this reason, Plaintiff fails to plausibly show that it is entitled to relief for its claim for induced infringement, making the proposed amendments futile. Moreover, Plaintiff does not, and likely cannot, explain why it could not have cited to these sources in any of the three previous iterations of the complaint. Based on these factors, entry of the Third Amended Complaint under Rule 15 should be denied.

### III.   Statement of Relevant Facts

Blackmagic is located in Fremont, California. A sibling company, Blackmagic Design Pty Ltd, based in Melbourne, Australia, researches and develops products such as video editing software and digital imaging cameras, including the cameras that are at issue in this case. (*See* Decl. of J. Danley in support of Def.'s Mot. to Strike ("Danley Decl."), Ex. 1, (https://www.blackmagicdesign.com/company/aboutus).) Plaintiff Cedar Lane is based in Nelson, British Columbia (3d Am. Compl., Dkt. No. 35, ¶ 1), and since May of last year, has filed at least 31 lawsuits alleging infringement of the '790 Patent (*see* Danley Decl., Ex. 2).

Blackmagic was served with the original Complaint on May 8, 2020, (Proof of Service, Dkt. No. 20) and, on June 26, 2020, moved to dismiss the claims in the Complaint for indirect infringement of the Asserted Patents (Mot. to Dismiss, Dkt. No. 16). In response, Plaintiff filed a First Amended Complaint on July 1, 2020, in which it removed some, but not all, of its allegations of contributory infringement of the Asserted Patents. (*See* 1st Am. Compl., Dkt. No. 21, ¶¶ 16, 25; *id.*, Prayers for Relief C, D.) Plaintiff filed the First Amended Complaint within 21 days of Blackmagic filing its motion to dismiss, such that the filing of the First Amended

Complaint exhausted Plaintiff's ability to file an amended pleading as of right under Rule 15(a)(1).

On July 6, 2020, Plaintiff unilaterally filed a Second Amended Complaint in which it removed the prayers for relief based on indirect infringement. (*See* 2d Am. Compl., Dkt. No. 22, prayers for relief C, D (seeking only "[a] judgment that Defendant has directly infringed one or more claims").) The Second Amended Complaint, however, still included allegations that "Defendant is contributing to and/or inducing infringement" of the two Asserted Patents. (*See id.*, ¶¶ 16, 25.) Plaintiff did not seek agreement from Blackmagic before filing its Second Amended Complaint, nor did Plaintiff seek permission from the Court. Blackmagic filed a Notice of Non-Opposition to Entry of the Second Amended Complaint. (Notice of Non-Opposition, Dkt. No. 25.) Although Blackmagic did not oppose entry of the Second Amended Complaint, it did identify the irregularities under Rule 15 in Plaintiff's filing of that complaint. (*See id.*, at 1-2.) In an order dated July 18, this Court made the Second Amended Complaint the operative complaint in the litigation. (Order, Dkt. No. 29.) On July 20, Blackmagic filed a second motion to dismiss directed towards the indirect infringement claims in the Second Amended Complaint along with an Answer to the remaining claims. (*See* Mot., Dkt. No. 30; Answer, Dkt. No. 31.) On July 22, 2020, the parties stipulated to an extended briefing schedule for Plaintiff to respond to the motion to dismiss because of the birth in the family of counsel for Plaintiff. (*See* Stipulation, Dkt. No. 32.) The Court granted the stipulated motion to extend the briefing schedule on July 28. (*See* Order, Dkt. No. 33.)

On July 31, Plaintiff filed a Third Amended Complaint. (*See* 3d Am. Compl., Dkt. No. 35.) Yet again, Plaintiff did not seek an agreement from Blackmagic before filing, and Plaintiff did not seek leave from the Court to enter, the Third Amended Complaint. In the Third Amended Complaint, Plaintiff eliminated all reference to contributory infringement of the Asserted Patents. However, Plaintiff also used the Third Amended Complaint in an attempt to bolster its allegations of induced infringement by identifying, for the first time, two Blackmagic

URLs that purportedly "instruct customers to use the Blackmagic Pocket Cinema Camera in an infringing manner." (*See* 3d Am. Compl., Dkt. No. 35, ¶¶ 17, 26.)

The first URL identified by Plaintiff links to a 1,750 page operation manual that provides instructions and directions in 11 different languages for numerous features of the accused cameras. *See* https://documents.blackmagicdesign.com/UserManuals/BlackmagicPocket CinemaCamera4KManual.pdf (last visited Aug. 4, 2020) (attached as Exhibit 3 to the Danley Decl.). The manual is dated March 2020. *Id.* The English language support appears in the first 158 pages of the manual, and provides instructions on various operations and features, such as "Using a Blackmagic Pocket Camera Battery Grip" and "Touchscreen Controls." *See id.* at 7, 37. The second URL links to an extended webpage that also provides descriptions of numerous features of the accused devices, such as the facts that the devices are made of "Lightweight Carbon Fiber Polycarbonate Composite" and provide "Multifunction Grip with Fingertip Controls." *See* https://www.blackmagicdesign.com/products/blackmagicpocketcinemacamera (last visited Aug. 4, 2020) (Danley Decl., Ex. 4). Plaintiff did not specify which portions of these two websites supposedly support its allegations of inducement, or which of the various operations and features described in these documents would cause a user to allegedly directly infringe any of the claims in the Asserted Patents. In total, Plaintiff's allegations of induced infringement consist of two sentences and two general citations to the above URLs without pincites. (*See* 3d Am. Compl., ¶¶ 17, 26.)

The only other support Cedar Lane provides in the Third Amended Complaint for its allegation of inducement is a threadbare statement made "on information and belief" that, after Blackmagic received the original complaint, it "continued to sell the Exemplary Blackmagic Design Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '790 Patent." (*See id.*, ¶¶ 15, 16.) The allegations related to induced infringement of the '242 Patent are the same. (*See id.*, ¶¶ 24-26.)

# ARGUMENT

**I. The Third Amended Complaint Should Be Struck Because Plaintiff Failed to Comply with the Requirements of Rule 15 When Filing the Amended Pleading**

    **A.    Legal Standard**

"The law is clear that district courts have the inherent power to control their docket, and in the exercise of that power, they may properly strike improper documents." *See Castro v. G.L.R. Constr.*, No. 5:15-cv-05492-EJD, 2016 U.S. Dist. LEXIS 86920, *4 (N.D. Cal. July 5, 2016). In addition, courts have struck amended pleadings under Rule 12(f) as immaterial and/or impertinent when the filing of those pleadings did not comply with Rule 15. *See Larry O. Crother, Inc. v. Lexington Ins. Co.*, No. 2:11-cv-00138-MCE-GGH, 2011 U.S. Dist. LEXIS 35774, *4 (E.D. Cal. March 21, 2011) (holding that because "the purpose of a motion to strike under Rule 12(f) generally is to remove impertinent and/or immaterial matter from a party's pleadings, courts within this Circuit have properly stricken amended pleadings not filed in conformance with Rule 15(a)(1)"). "A court has discretion to strike a complaint where it fails to comply with Rule 15(a)." *Vaupen v. Branston*, No. 17-cv-05453-DMR, 2018 U.S. Dist. LEXIS 80280, *16 (N.D. Cal. May 10, 2018).

    **B.    Because Plaintiff Did Not Seek Agreement from Blackmagic or Leave of this Court When Filing the Third Amended Complaint, That Complaint Is a Nullity and Without Legal Effect, and Should Be Struck Under the Court's Inherent Powers and Rule 12(f)**

For the second time in this litigation, Plaintiff has unilaterally and improperly filed an amended complaint without seeking leave of this Court and without seeking an agreement from Blackmagic. (*See* 2d Am. Compl., Dkt. No. 22; *see also* 3d Am. Compl., Dkt. No. 35.) Because this filing did not comply with the framework laid out in Rule 15, it is a nullity and without legal effect, and should be struck under the Court's inherent powers and Rule 12(f).

Under Rule 15(a)(1)(B), a party may "amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." If the amended pleading cannot be made as a

matter of course, Rule 15 allows a party to submit an amended pleading "only with the opposing party's written consent or the court's leave." *See* Fed. R. Civ. P. 15(a)(2). In this case, Plaintiff exhausted its one opportunity to amend as a matter of course with the filing of its First Amended Complaint. That amended pleading was made within 21 days of Blackmagic's motion to dismiss and answer, and Plaintiff filed the First Amended Complaint without seeking permission from Blackmagic or leave of the Court. (*See* 1st Am. Compl., Dkt. No. 21.) Thus, any further amendments to the complaint "require[d] the opposing party's written consent or the court's leave." *See King v. Timber Ridge Trading & Mfg. Co.*, No. 2:19-cv-01617-RAJ, 2020 U.S. Dist. LEXIS 70195, *2-3 (W.D. Wash. Apr. 21, 2020) (striking amended pleading for not complying with Rule 15 requirements). Plaintiff, though, failed to seek, much less obtain, either consent or leave before filing the Third Amended Complaint. (*See* Danley Decl., ¶¶ 7-8 (no consent sought); *see also*, 3d Am. Compl., Dkt. No. 35 (no leave sought).)

"If an amended pleading cannot be made as of right and is filed without leave of court or consent of the opposing party" – as Plaintiff did here – "the amended pleading is a nullity and without legal effect." *See Hardin v. Wal-Mart Stores, Inc.*, 813 F.Supp.2d 1167, 1181 (E.D. Cal. 2011); *see also BNSF Ry. Co. v. San Joaquin Valley R.R. Co.*, No. 1:08-CV-01086-AWI-SMS, 2010 U.S. Dist. LEXIS 105405, *5 (E.D. Cal. Sept. 15, 2010) (citing *United States ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003); *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998); *Hoover v. Blue Cross & Blue Shield*, 855 F.2d 1538, 1544 (11th Cir. 1988); *Gengler v. United States*, 463 F. Supp.2d 1085, 1093 (E.D. Cal. 2006); and *Stetz v. Reeher Enters.*, 70 F. Supp. 2d 126, 127 n.1 (N.D. N.Y. 1999)); *see also Guthrie v. Hurwitz*, No. 1:18-cv-282 AWI-BAM, 2018 U.S. Dist. LEXIS 141072 (E.D. Cal. Aug. 20, 2018) (striking amended complaint and holding that "service of an amendment that does not comply with Rule 15 has no legal effect"). Because the amended pleading has no legal effect, a court has discretion to strike the amended pleading either under its inherent powers or under Rule 12(f). *See*, *e.g.*, *Castro*, 2016 U.S. Dist. LEXIS 86920 at *7 (striking plaintiff's "untimely and ineffective" amended complaint); *Larry O. Crother*, 2011 U.S. Dist. LEXIS 35774 at *4 (striking

amended pleading of *pro se* plaintiff when it was "not filed in conformance with Rule 15(a)(1)"); *Estate of Rennick v. Universal Credit Servs., LLC*, No. , 2019 U.S. Dist. LEXIS 143318, *7 (E.D. Penn. Aug. 22, 2019) (striking amended complaint and holding that "grant or denial of an opportunity to amend is within the discretion" of the court but "only where a plaintiff has sought leave to amend").

That is exactly the result that should happen here.  For the second time, Plaintiff has flouted the Federal Rules in filing an amended Complaint, and did so despite the filing irregularities that Blackmagic raised with regard to the Second Amended Complaint.  (*See* Notice of Non-Opposition, Dkt. No. 25.)  In this situation, Plaintiff knew or should have known of the appropriate procedures for amending its complaint based on Blackmagic's Notice of Non-Opposition, and yet ignored those procedures in filing its Third Amended Complaint.  Plaintiff now should face the consequences that directly flow from that deliberate decision, namely that the Third Amended Complaint is considered a nullity without legal effect that should be appropriately struck under this Court's inherent powers and under Rule 12(f).

**II.     Alternatively, Entry of the Third Amended Complaint Should Be Denied Under Rule 15 Because the Amendment Is Futile and Because Plaintiff Has Already Filed Multiple Amended Complaints**

    **A.     Legal Standard**

A party may seek court leave to amend a pleading under Rule 15(a)(2) of the Federal Rules of Civil Procedure, and under that provision, "[t]he court should freely give leave when justice so requires" when such leave is sought.  The Ninth Circuit, however, has "held that the liberality in granting leave to amend is subject to several limitations."  *See Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).  In particular, leave need not be granted where the amendment "would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay"; moreover, the court's "discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint."  *Id.*; *see also*

*Cafasso v. Gen. Cynamics C4 Sys.*, 637 F.3d 1047, 1058 (9th Cir. 2011). Not all factors need be present to deny entry of an amended pleading. *See, e.g., Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1320 (9th Cir. 1984) (affirming district court denial of motion to amend pleading even though it could not say that granting the amended pleading "would have caused great prejudice" to the opposing party).

> **B. Plaintiff's Third Amended Complaint Is Futile Because It Still Fails to State a Plausible Claim for Induced Infringement and Would Be Subject to a Motion to Dismiss Under Rule 12(b)(6)**

Entry of the Third Amended Complaint should be denied because the added material is still insufficient to state a plausible claim for relief for induced infringement, making the proposed amendment futile. A court may properly "deny[] leave to amend where the amendment would be futile, or where the amended complaint would be subject to dismissal." *See Californians for Renewable Energy v. Cal. PUC*, 922 F.3d 929, 935 (9th Cir. 2019). "The test for futility is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *See Brown v. Wells Fargo Bank, N.A.*, No. 2:19-cv-260-MCE-KJN PS, 2019 U.S. Dist. LEXIS 219375, *4 (E.D. Cal. Dec. 19, 2019) (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).

Rule 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The factual allegations in the complaint must "suggest that the claim has at least a plausible chance of success." *See Levit v. Yelp! Inc.*, 765 F.3d 1123, 1135 (Fed. Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders

'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 at 678 (quoting *Twombly*, 550 U.S. at 570).

Plaintiff's allegations for inducing infringement fail to clear the bar set by *Iqbal* and *Twombly* for stating a plausible claim for relief. Because of the lack of supporting factual allegations, this claim would be subject to dismissal under Rule 12(b)(6). Section 271(b) of Title 35 of the United States Code provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." To succeed on a claim of induced infringement, a plaintiff must show that the accused inducer both had "knowledge of the patent in suit" and "knew the acts were infringing." *See Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926, 1928 (2015). Further, the accused inducer must possess "a specific intent to encourage another's infringement of the patent." *See Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009).

Here, Plaintiff does not allege that Blackmagic had knowledge of either patent before being served with the Complaint. (*See* 2d Am. Compl., Dkt. No. 22, ¶¶ 15, 24.) Accordingly, Plaintiff cannot state a claim for inducement based on Blackmagic's pre-service actions. *See Commil*, 135 S. Ct. at 1926. As for the post-service time period, Plaintiff's claims for inducement rest partially upon the allegation that Blackmagic distributes "product literature" and general "website materials" that "induc[e] end users and others to use its products" in a way that allegedly infringes both of the asserted patents. (*See* 2d Am. Compl., Dkt. No. 22, ¶¶ 16, 25.) These generic allegations do not plausibly show that Blackmagic had the requisite knowledge that the acts by its customers in using the accused Blackmagic product were infringing or that it had the specific intent to encourage such infringement.

Plaintiff has attempted to salvage these claims by generally citing two specific URLs that provide literature from Blackmagic. (*See* 3d Am. Compl., Dkt. No. 35, ¶¶ 17, 26.) Other courts in this district have denied similar hand-waving attempts to plead induced infringement by generally pointing to websites or manuals. In *UNILOC USA, Inc. v. Apple Inc.* (hereinafter "*UNILOC*"), for example, the plaintiff accused Apple of inducing infringement using allegations similar to those made by Plaintiff here. *See* No. C 18-00359 WHA, 2018 U.S. Dist. LEXIS

75225, at *13 (N.D. Cal. May 2, 2018). To support its claim, that plaintiff alleged that Apple had "intentionally instruct[ed] its customers to infringe through training videos, demonstrations, brochures, and installation and user guides," and listed five Apple websites that supposedly supported its claim. *See id.* The court found these allegations lacking. With regard to the five websites, the court noted that the plaintiff had identified "five generic Apple websites" but provided "no explanation as to what specific site content allegedly induces infringement, or how." *Id* at *14. The court further held that the "vague and conclusory allegations" against Apple "using broad categories of materials, coupled with a list of five generic websites, do not amount to *factual* content supporting any reasonable inference that Apple possessed either 'knowledge that the induced acts constitute patent infringement' or 'specific intent to encourage another's infringement.'" *Id.* at *13-14 (emphasis in original).

The *UNILOC* court is not alone in dismissing such threadbare allegations of induced infringement. *See Google LLC v. Princeps Interface Techs. LLC*, No. 19-cv-065660-EMC, 2020 U.S. Dist. LEXIS 52753, *12-14 (N.D. Cal. Mar. 26, 2020) (dismissing inducement claim premised on "general and imprecise references to 'instructional materials and/or services related to the accused Instrumentalities'"); *Hypermedia Navigation v. Google LLC*, No. 18-cv-06137-HSG, 2019 U.S. Dist. LEXIS 56803, *7-8 (N.D. Cal. Apr. 2, 2019) (dismissing inducement claim based on "bald conclusions that an end user following YouTube instructions results in infringement" even when the complaint identified links with instructions); *Fluidigm Corp. v. Ionpath, Inc.*, No. C 19-05629 WHA, 2020 U.S. Dist. LEXIS 12154, *10-12 (N.D. Cal. Jan. 24, 2020) (dismissing inducement claim when plaintiff merely identified a number of brochures and articles because plaintiff did not show how these materials encouraged the practice of each claim limitation); *Logic Devices, Inc. v. Apple Inc.*, No. C 13-02943 WHA, 2014 U.S. Dist. LEXIS 3157, *3-5 (N.D. Cal. Jan. 7, 2014) (dismissing inducement claim because the complaint identified only who committed the alleged direct infringement and how, but was otherwise "devoid of any facts" that showed Apple knew or should have known its actions induced infringement by others).

Plaintiff's claims for inducement here are defective for the same reasons discussed in these other decisions.  Moreover, Plaintiff alleges that the manual and website "*specifically instruct customers to use the Blackmagic Pocket Cinema Camera in an infringing manner*," but then fails to identify anything within the 158-page English instructions or the webpage with any specificity to support this statement.  (*See* 3d Am. Compl., Dkt. No. 35, ¶¶ 17, 26.)  Indeed the manual and website discuss multiple functionalities and operations for the accused cameras.  (*See* Danley Decl., Ex. 3, at 7, 37; *see also id.*, Ex. 4 (identifying various features including "Multifunction Grip with Fingertip Controls" and "Multiple Resolutions and Frame Rates").)[1]  Yet Plaintiff did not *specifically* identify which of these various features actually induced infringement, or how any specific disclosures would actually result in infringement.  (*See* 3d Am. Compl., Dkt. No. 35, ¶¶ 17, 26.)  Because Plaintiff's "vague and conclusory allegations say nothing about what specific material or site content allegedly induces infringement, or how," these claims would be subject to being dismissed under Rule 12(b)(6).  *UNILOC*, 2018 U.S. Dist. LEXIS 75225 at *15.  As such, entering the amended pleadings would be futile under Rule 15.  *See Brown*, 2019 U.S. Dist. LEXIS 219375 at *4.

Plaintiff has had multiple opportunities to correct the deficiencies related to its claims for inducing infringement.  Indeed, Blackmagic has consistently pointed out the paucity of the pleadings in this regard in moving to dismiss the inducing infringement claims in both the original Complaint and the Second Amended Complaint.  (*See* Mot., Dkt. No. 16, at 3-5; *see also* Mot., Dkt. No. 30, at 4-6.)  "Repeated failure to cure deficiencies by amendments previously allowed is another valid reason for a district court to deny a party leave to amend." *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809-10 (9th Cir. 1988).  Moreover, in this situation, Plaintiff can "provide[] no satisfactory explanation for [its] failure to fully develop [its] contentions originally."  *See Anderson v. Google Inc.*, No. 12-cv-06573, 2013 U.S. Dist. LEXIS 80573, *8-9

---

[1] Because the Third Amended Complaint referenced these two URLs, it would be appropriate for the Court to consider their content in deciding a motion to dismiss.  *See Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002).

| Case No. 3:20-cv-01302-VC | 11 | DEFENDANT'S MOTION TO STRIKE, OR ALTERNATIVELY DENY ENTRY OF, THIRD AMENDED COMPLAINT |

(N.D. Cal. June 6, 2013) (dismissing complaint with prejudice). In fact, the instruction manual is dated March 2020, (*see* Ex. 3), and Plaintiff has provided no evidence that it could not have found either the instruction manual or the website, or a website with similar disclosures, at the time it filed its First Amended Complaint. Accordingly, because Plaintiff's proposed amendments in the Third Amended Complaint are futile, and because Plaintiff has had ample opportunities to correct these deficiencies, and has been on notice to do so since at least June 2020, Blackmagic requests that the Court exercise its broad discretion under Rule 15 to not enter the Third Amended Complaint. *See Ascon Properties,* 866 F.2d at 1160; *see also Anderson*, 2013 U.S. Dist. LEXIS 80573, at *8 (dismissing complaint with prejudice based on futility and prior inadequate amendments).

## CONCLUSION

Blackmagic respectfully requests that this Court strike Plaintiff's Third Amended Complaint under Rule 12(f) and its inherent powers because Plaintiff attempted to enter it without complying with the provisions of Rule 15. Alternatively, Blackmagic requests that this Court exercise its broad discretion under Rule 15 to deny entry of the Third Amended Complaint because the proposed amendments to the induced infringement claim are futile and because Plaintiff has had multiple opportunities to correct these deficiencies.

Dated: August 14, 2020.

Respectfully submitted,

SEED IP LAW GROUP LLP

 s/Jeffrey E. Danley
Jeffrey E. Danley
701 Fifth Avenue, Suite 5400
Seattle, WA 98104
Tel. 206-622-4900
Fax. 206-682-6031
JeffD@seedip.com

Attorneys for Defendant
Blackmagic Design, Inc.