KIRK. J. ANDERSON (SBN 289043)
kanderson@budolaw.com
BUDO LAW P.C.
5610 Ward Rd., Suite #300
Arvada, CO 80002
(720) 225-9440 (Phone)
(720) 225-9331 (Fax)

*Attorney(s) for Plaintiff
Cedar Lane Technologies Inc.*

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **Cedar Lane Technologies Inc.**, | Case No. 3:20-cv-01302-VC |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **Blackmagic Design Inc.**, | |
| Defendant. | |

**CEDAR LANE'S OPPOSITION TO BLACKMAGIC'S MOTIONS TO DISMISS AND STRIKE**

Dated: August 21, 2020

*of Counsel:*

Isaac Rabicoff
RABICOFF LAW LLC
73 W Monroe St
Chicago, IL 60603
773-669-4590
isaac@rabilaw.com

KIRK. J. ANDERSON (SBN 289043)
KANDERSON@BUDOLAW.COM
BUDO LAW P.C.
5610 WARD RD., SUITE #300
ARVADA, CO 80002
(720) 225-9440 (PHONE)
(720) 225-9331 (FAX)

**Counsel for Plaintiff
Cedar Lane Technologies Inc.**

1

# TABLE OF CONTENTS

1. Introduction ................................................................................................................. 3
2. Legal Standards .......................................................................................................... 3
    2.1   Motions to Strike ............................................................................................. 3
    2.2   Rule 12(b)(6) motions ........................................... **Error! Bookmark not defined.**
3. Blackmagic's Motion to Strike should be Denied ................................................... 4
    3.1   Cedar Lane properly amended pleadings as of right under Rule 15(a)(1)(B). ......... 4
    3.2   Should this Court determine that leave to amend was required, Cedar Lane
          has good cause to amend, and leave should be granted. .......................................... 4
4. Blackmagic's Motion to Dismiss should be denied. ................................................. 5
5. Conclusion .................................................................................................................. 6

1. **INTRODUCTION**

When evaluating Blackmagic's Motions, this Court should consider these key points:

- Cedar Lane properly amended pleadings as of right under Rule 15(a)(1)(B);

- Should this Court determine that leave to amend was required, Cedar Lane has good cause to amend, and leave should be granted*;* and

- Cedar Lane adequately plead induced infringement.

Blackmagic's Motions should be denied.

2. **LEGAL STANDARDS**

   **2.1   Motions to Strike**

"A court has discretion to strike a complaint where it fails to comply with Rule 15(a)." *Vaupen v. Branston*, No. 17-cv-05453-DMR, 2018 U.S. Dist. LEXIS 80280, *16 (N.D. Cal. May 10, 2018).

   **2.2   Rule 12(b)(6) motions**

A motion to dismiss can succeed only when a complaint fails to state a plausible claim for relief, even where all well-pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

And the Supreme Court instructs that this plausibility requirement is not akin to a "probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal" that the defendant is liable for the alleged misconduct. *Twombly*, 550 U.S. at 556.

### 3. BLACKMAGIC'S MOTION TO STRIKE SHOULD BE DENIED

**3.1    Cedar Lane properly amended pleadings as of right under Rule 15(a)(1)(B).**

The Federal Rules allow a party to amend pleadings as of right "21 days after service of a responsive pleading or **21 days after service of a motion under Rule 12(b)**, (e), or (f), whichever is earlier". FRCP 15(a)(1)(B). Cedar Lane amended pleadings (ECF No. 35) with **11 days** in response to Blackmagic's Motion to Dismiss or in the Alternative to Strike Plaintiff's Indirect Infringement Claims in the Second Amended Complaint (ECF No. 30).

Blackmagic appears to interpret this rule as allowing only one amended as of right within an entire litigation, rather than upon the occurrence of a triggering event (the filing of a Rule 12 motion, for example). And yet, none of Blackmagic's authorities suggest this interpretation of Rule 15(a)(1). They simply confirm that an improperly amended pleadings should be stricken. Nor do they suggest that an improperly amended pleading should be stricken with prejudice to re-filing with a formal request for leave to amend (Cedar Lane makes such a request below, in the alternative).

**3.2    Should this Court determine that leave to amend was required, Cedar Lane has good cause to amend, and leave should be granted.**

Leave should be "freely give[n] . . . when justice so requires." Rule 15(a)(2). Cedar Lane made two key changes in its Third Amended Complaint, which directly addressed arguments raised by Blackmagic in its latest Motions to Dismiss. The Court should grant leave for three reasons.

First, Cedar Lane alleged even more specific facts in support of induced infringement, providing two specific citations to Blackmagic's user manual and product page of the accused product. *See* Third Amended Complaint (ECF No. 35), ¶ 17. Blackmagic at least realized that this change warranted a response, but has instead asked the Court to reject the amendment instead of addressing it on the merits during subsequent dispositive motion briefing.

4

Second, the Third Amended Complaint only requests relief based on direct and induced infringement (the Second Amended Complaint also requested these forms of relief, but used an ambiguous "and/or": "Defendant has infringed, contributorily infringed, and/or induced infringement"). Second Amended Complaint (ECF No. 22), pp 6-7 (Request relief paragraphs C-D). This amended therefore avoids a potential ambiguity, thereby narrowing the issues in litigation.

Third, Blackmagic cannot demonstrate any conceivable prejudice should the Court grant leave to amend. It has seemingly already formulated its arguments against these pleadings in its Motion to Strike (pp 7-12), so converting this to a subsequent Motion to Dismiss would take minimal effort. In fact, allowing amendment would *save* time for both parties and the Court—if the Court granted the pending Motion to Dismiss with leave for further amendment, we would come full circle back to amending pleadings, and contending with a Third Amended Complaint.

4. **BLACKMAGIC'S MOTION TO DISMISS SHOULD BE DENIED.**

As an initial matter, should the Court either accept Cedar Lane's amended pleadings as of right, or grant leave to amend, Blackmagic's Motion to Dismiss would be rendered moot. As discussed above, this result would save the most time for both the Court and the parties, streamlining the litigation process.

But should the Court still request briefing on the Motion, it should deny it on the merits. First, Cedar Lane adequately plead inducement in the Second Amended Complaint. Blackmagic had actual knowledge of its infringement no later than when it was served with the Original Complaint. Second Amended Complaint (ECF No. 22), ¶ 15. Despite such actual knowledge, Blackmagic induced its customers to infringe the patent-in-suit by "continu[ing] to sell the Exemplary Blackmagic Design Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '790 Patent." *Id.*, ¶¶ 16-17.

Second, the pleadings do not allege contributory infringement nor do they request relief for contributory infringement—the request for relief is in the alternative, "Defendant has infringed, contributorily infringed, **and/or** induced infringement. . ." *Id,* pp 6-7 (request for relief paragraphs C and D).

Blackmagic's Motion to Dismiss should thereby be denied on the merits, even based on the pleadings of the Second Amended Complaint.

5.  CONCLUSION

Cedar Lane therefore requests that this Court deny Blackmagic's Motions to Strike and Dismiss.

Dated:  August 21, 2020                                  Respectfully submitted,

/S/ KIRK J. ANDERSON
KIRK. J. ANDERSON (SBN 289043)
KANDERSON@BUDOLAW.COM
BUDO LAW P.C.
5610 WARD RD., SUITE #300
ARVADA, CO 80002
(720) 225-9440 (PHONE)
(720) 225-9331 (FAX)

*of Counsel:*

Isaac Rabicoff
RABICOFF LAW LLC
73 W Monroe St
Chicago, IL 60603
773-669-4590
isaac@rabilaw.com

**Counsel for Plaintiff**

**Cedar Lane Technologies Inc.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served on all parties who have appeared in this case on August 21, 2020, via the Court's CM/ECF system.

/s/ Kirk J. Anderson
KIRK. J. ANDERSON (SBN 289043)