JEFFREY E. DANLEY (State Bar #238316)
JeffD@seedip.com
SEED IP LAW GROUP LLP
701 Fifth Avenue, Suite 5400
Seattle, WA 98104
Tel. 206-622-4900
Fax. 206-682-6031

*Attorneys for Defendant*
*Blackmagic Design, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CEDAR LANE TECHNOLOGIES, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>BLACKMAGIC DESIGN, INC.,<br><br>    Defendant. | Case No. 3:20-cv-01302-VC<br><br>DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STRIKE, OR IN THE ALTERNATIVE TO DENY ENTRY OF, PLAINTIFF'S THIRD AMENDED COMPLAINT [39]; AND MOTION TO DISMISS OR IN THE ALTERNATIVE STRIKE PLAINTIFF'S INDIRECT INFRINGEMENT CLAIMS IN THE SECOND AMENDED COMPLAINT [30]<br><br>Date:  October 1, 2020<br>Time:  10:00 a.m.<br>Judge: Honorable Vince Chhabria |

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*AmerisourceBergen Corp. v. Dialysist West, Inc.*,
  465 F.3d 946 (9th Cir. 2006) .................................................................................................. 4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................................ 1, 5, 7

*Bartell v. JPMorgan Chase Bank*,
  607 Fed. App'x 731 (9th Cir. 2015) ....................................................................................... 1

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................................ 1, 5, 7

*Birdsong v. Apple, Inc.*,
  590 F.3d 955 (9th Cir. 2009) .................................................................................................. 2

*Brooks v. Ford Motor Co.*,
  No. CV 20-302 DSF, 2020 U.S. Dist. LEXIS 91725 (C.D. Cal. May 26, 2020) .................... 2

*Deutsch v. Health Ins. Plan of Greater New York*,
  573 F. Supp. 1443 (S.D.N.Y. 1983) ....................................................................................... 4

*Hardin v. Wal-Mart Stores, Inc.*,
  813 F.Supp.2d 1167 (E.D. Cal. 2011) .................................................................................... 4

*Humphreys v. City of Coolidge*,
  No. CV-17-04045-PHX-DWL, 2019 U.S. Dist. LEXIS 11502 (D. Ariz. Jan. 24,
  2019) ....................................................................................................................................... 2

*Indep. Towers of Wash. v. Wash.*,
  350 F.3d 925 (9th Cir. 2003) .................................................................................................. 2

*King v. Timber Ridge Trading & Mfg. Co.*,
  No. 2:19-cv-01617-RAJ, 2020 U.S. Dist. LEXIS 70195 (W.D. Wash. April 21,
  2020) ....................................................................................................................................... 3

*Mahaffey v. Ramos*,
  588 F.3d 1142 (7th Cir. 2009) ................................................................................................ 2

*Nwachukwu v. Liberty Bank*,
  No. 3:16-cv-704 (CSH), 2016 U.S. Dist. LEXIS 85896 (D. Conn. July 1, 2016) ............... 3, 4

*Yager v. Berryhill*,
  No. 2:16-cv-00051-GMN-VCF, 2017 U.S. Dist. LEXIS 129609 (D. Nev. Aug.
  15, 2017) ................................................................................................................................. 3

**RULES**

Fed. R. Civ. P. 12(f) ....................................................................................................................... 7

Fed. R. Civ. P. 15 ....................................................................................................................... 3, 4

Plaintiff Cedar Lane Technologies, Inc. ("Plaintiff"), makes a half-hearted attempt to defend the improper filing of its Third Amended Complaint and the inadequately pled indirect infringement claims in its Second Amended Complaint. Plaintiff's combined opposition brief includes selective and misleading quotations from the applicable Federal Rule, is devoid of any discussion of relevant cases, and rests on conclusory statements that provide no explanation or reasoning to oppose Defendant Blackmagic Design, Inc.'s ("Blackmagic") respective motions. Plaintiff's Third Amended Complaint should be struck and the indirect infringement claims in the Second Amended Complaint should be dismissed.

I. **Plaintiff Did Not Fully Develop, and thus Waived, Its Arguments Opposing Blackmagic's Motions to Strike the Third Amended Complaint and to Dismiss or Strike the Indirect Infringement Claims in the Second Amended Complaint**

In its opposition brief, Plaintiff spends a total of two and a half pages opposing both Blackmagic's Motion to Strike or in the Alternative Deny Entry of the Third Amended Complaint ("Motion to Strike") and Blackmagic's Motion to Dismiss or in the Alternative to Strike the Indirect Infringement Claims in the Second Amended Complaint ("Motion to Dismiss"). (*See* Opp'n, Dkt. No. 42, at 4-6.) In these two-and-a-half pages, Plaintiff cites to **zero** cases and makes only a passing reference to some of the case law cited in Blackmagic's Motion to Strike. (*See id.*) Plaintiff does not even attempt to distinguish the case law cited in the Motion to Dismiss. Plaintiff also provides no explanations or reasoning to support the conclusory statements made in its brief. For example, in opposing Blackmagic's Motion to Dismiss, Plaintiff alleges that "Cedar Lane adequately plead [*sic*] inducement in the Second Amended Complaint." (*See id.*, at 5.) To support this argument, Plaintiff merely quotes a single sentence from its Second Amended Complaint without providing any discussion, much less any reasoning, to explain how this statement satisfies the *Twombly*/*Iqbal* pleading standard for indirect infringement. "Conclusory statements, tautologies and a couple of citations don't an argument make." *Bartell v. JPMorgan Chase Bank*, 607 Fed. App'x 731, 732 (9th Cir. 2015). Moreover, Plaintiff offers **no opposition to** and **fails to even address** Blackmagic's argument,

made in the alternative, to strike the paragraphs containing the indirect infringement claims in the Second Amended Complaint.  (*See* Mot. to Dismiss, Dkt. No. 30, at 8-9.)

Plaintiff has no excuse for providing such a terse opposition brief.  It used only four of the fifteen pages allowed under this Court's page limits, and could have had up to thirty pages if it filed two separate opposition briefs.  *See* Civil Standing Order, ¶ 33.  Plaintiff also had extra time to develop these arguments, but nevertheless chose to file its opposition to the Motion to Strike at least a week before the deadline and its opposition to the Motion to Dismiss over a week before the deadline, which was not due until September 2 based on a stipulation by the parties (Order, Dkt. No. 33).  Plaintiff used neither the extra pages nor the additional time to develop the arguments that it made to this Court, to research and present the relevant case law as part of its discussion, or to provide explanations as to why its Third Amended Complaint should not be struck or how the Second Amended Complaint adequately pleads indirect infringement.

As other courts have noted, "[i]t is not the Court's role to independently research and develop answers to legal questions" that a party has failed to adequately address.  *See Brooks v. Ford Motor Co.*, No. CV 20-302 DSF, 2020 U.S. Dist. LEXIS 91725, at *9 n.6 (C.D. Cal. May 26, 2020).  Neither do courts need to "manufacture arguments for a[] [party]" when that party provides nothing more than a "bare assertion" in an effort to preserve a claim.  *See Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir. 2009); *see also Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929-30 (9th Cir. 2003) (noting that courts "require contentions to be accompanied by reasons").  Yet, that is exactly the situation that Plaintiff has created with its opposition brief, which consists of little more than conclusory, token arguments made with little to no explanation or case law discussion, as discussed above.

Such "[p]erfunctory, undeveloped arguments" that are made "without discussion or citation to pertinent legal authority are waived."  *See Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009); *see also Humphreys v. City of Coolidge*, No. CV-17-04045-PHX-DWL, 2019 U.S. Dist. LEXIS 11502, *6-7 (D. Ariz. Jan. 24, 2019) (refusing to consider arguments that were not developed "in any depth" and instead raised "in conclusory fashion" by a party).  Similarly,

| Case No. 3:20-cv-01302-VC | 2 | DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STRIKE THIRD AMENDED COMPLAINT AND MOTION TO DISMISS SECOND AMENDED COMPLAINT |

"when a claim is not argued and explained, the argument is waived." *See Yager v. Berryhill*, No. 2:16-cv-00051-GMN-VCF, 2017 U.S. Dist. LEXIS 129609, at *4 (D. Nev. Aug. 15, 2017). Because Plaintiff has not developed its arguments, Plaintiff's arguments opposing Blackmagic's motions to strike and to dismiss have been waived.

II. **Blackmagic's Motion to Strike Should Be Granted Because Plaintiff Misinterprets the Requirements of Rule 15(a) and Fails to Rebut Blackmagic's Argument that the Proposed Amendments in the Third Amended Complaint Are Futile**

Even if Plaintiff's arguments are considered, they still fall short. With respect to the Motion to Strike, Plaintiff first argues that its filing of the Third Amended Complaint was appropriate and allowed by Rule 15. Plaintiff then argues that even if the filing of the Third Amended Complaint was technically improper, it nevertheless has "good cause to amend" the pleadings. (*See* Opp'n, Dkt. No. 42, at 4-5.) Neither of these arguments is correct.

Plaintiff's first argument is based upon a selective, misleading, and ultimately wrong reading of Rule 15. In particular, Plaintiff selectively omitted the leading clause of Rule 15(a)(1), which provides that "[a] party may amend its pleading **once** as a matter of course." Based upon this selective omission, Plaintiff argues, implicitly, that a party can file as many amended complaints as it wants so long as the amended complaints are filed within 21 days of a responsive pleading or motion. (*See* Opp'n, Dkt. No. 42, at 4 (criticizing an interpretation of Rule 15 that would "allow[] only one amended [*sic*] as of right within an entire litigation").) Contrary to Plaintiff's unsupported assertion, other courts have held that the plain language of Rule 15(a)(1) forecloses the filing of more than one amended pleading as a matter of right. *See King v. Timber Ridge Trading & Mfg. Co.*, No. 2:19-cv-01617-RAJ, 2020 U.S. Dist. LEXIS 70195, *3 (W.D. Wash. April 21, 2020) (granting motion to strike and holding that "[u]nder Rule 15, Plaintiffs exhausted their *one amendment* as a matter of course . . . when they filed their first amended complaint" (emphasis added)). "Put simply, a pleading may not be amended 'as a matter of course' a second time." *Nwachukwu v. Liberty Bank*, No. 3:16-cv-704 (CSH), 2016 U.S. Dist. LEXIS 85896, *2 (D. Conn. July 1, 2016). Indeed, "the Federal Rules preclude[] any

| Case No. 3:20-cv-01302-VC | 3 | DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STRIKE THIRD AMENDED COMPLAINT AND MOTION TO DISMISS SECOND AMENDED COMPLAINT |
|---|---|---|

suggestion to the contrary by providing in 15(a) that '[a] party may amend his pleading *once* as a matter of course.'" *See id.* (quoting *Deutsch v. Health Ins. Plan of Greater New York*, 573 F. Supp. 1443, 1445 (S.D.N.Y. 1983) (emphasis provided in quoted decision).)

In addition, Plaintiff's argument reads out of Rule 15(a)(1) the provision that pleadings can be amended only *once* as a matter of right. This is so because a supplemental pleading renders the prior pleading a nullity. *See*, *e.g.*, *Hardin v. Wal-Mart Stores, Inc.*, 813 F.Supp.2d 1167, 1181 (E.D. Cal. 2011). Thus, an individual complaint can never be amended twice because once amended, the individual complaint is nullified and has no legal effect. As a result, for the term "once" to have any effect within Rule 15(a)(1), it must allow a party to file only one amended pleading as a matter of right. As the *Nwachukwu* court noted, "the automatic amendment provisions of 15(a) do not apply to amendments of amended pleadings." 2016 U.S. Dist. LEXIS 85896 at *2. Plaintiff's argument should therefore be rejected because it is not supported by either the plain language of the Rule or by the relevant case law.

Plaintiff's alternative argument that it has "good cause" to amend its pleading is also wrong.[1] As Blackmagic noted in its Motion to Strike, futility of the amendment is a sufficient reason to deny a request to enter an amended complaint. (*See* Mot. to Strike, Dkt. No. 39, at 8-12.) Plaintiff's attempt to counter this argument consists of a single sentence noting that it had "alleged even more specific facts in support of induced infringement" in the form of "specific citations" to Blackmagic's user manual and product page. (*See* Opp'n, Dkt. No. 42, at 4.) These "specific citations," however, consist of nothing more than the generic URLs where these two references could be obtained and, notably, do not include pincites or other directed citations to particular portions of the references that allegedly support the induced infringement claims.

---

[1] Plaintiff's failure to provide any case law discussion has appeared to work to its detriment with respect to this argument because the standard under Rule 15 is more lenient than the "good cause" standard that Plaintiff argues. *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006). Regardless of the standard applied, though, Plaintiff has failed to show that its Third Amended Complaint should not be struck.

Plaintiff provided *no argument* explaining how these "specific citations" of URLs actually show that Blackmagic had the requisite knowledge or intent to induce its customers to infringe any claim in the asserted patents.  Plaintiff, instead, provided nothing more than a single naked assertion, unsupported by any analysis or case law, that its pleading for induced infringement was sufficient.  Numerous other courts in this district have dismissed similarly deficient induced infringement claims that are extremely similar to the induced infringement allegations made here by Plaintiff.  (*See* Mot. to Strike, Dkt. No. 39, at 9-11.)  Plaintiff did not attempt to distinguish the cases cited by Blackmagic or to cite any cases supporting its opposing position.  Moreover, Plaintiff has filed multiple amended complaints without correcting these deficiencies, further weighing in favor of Blackmagic's Motion to Strike.  (*See id.* at 11-12.)  Plaintiff's arguments should therefore be rejected, and Blackmagic's Motion to Strike granted because the proposed amendments are futile.

### III.    Blackmagic's Motion to Dismiss the Indirect Infringement Claims in the Second Amended Complaint Should Be Granted Because Plaintiff Failed to Explain How the Allegations in that Pleading Support Those Claims

Plaintiff's opposition to Blackmagic's Motion to Dismiss the indirect infringement claims in the Second Amended Complaint rests on conclusory assertions, and misleading and confusing reasoning.  These arguments should be rejected.

Plaintiff first makes the bald assertion that it adequately pled indirect infringement in the Second Amended Complaint, citing in support of this argument part of one sentence in that pleading.  (*See* Opp'n, Dkt. No. 42, at 5, lines 24-28.)  As noted above, however, Plaintiff never supplied any reasoning to explain *why* or *how* this portion of a sentence satisfied the *Twombly/Iqbal* pleading requirements for indirect infringement.  Blackmagic cited a number of cases supporting its position in the Motion to Dismiss, (*see* Mot. to Dismiss, Dkt. No. 30, at 5-6), yet Plaintiff also does not attempt either to distinguish these cases or to cite to countervailing case law to support its argument.  As the court in *Logic Devices, Inc. v. Apple Inc.* noted, "[o]ne sentence . . . cannot suffice to allege contributory infringement."  No. C 13-02943 WHA, 2014

U.S. Dist. LEXIS 3157, *6 (N.D. Cal. Jan. 7, 2014) (dismissing both contributory and induced infringement claims). The same should hold true for induced infringement, yet Plaintiff identified only a portion of a single sentence from its Second Amended Complaint to support this claim. Much like the *Logic Devices* court dismissed the defective contributory infringement claim, Plaintiff's defective claim for induced infringement should also be dismissed. Further, because Plaintiff has had numerous opportunities to properly plead this claim, and because it failed to correct this deficiency in its Third Amended Complaint, as noted above, this claim should be dismissed with prejudice.

Plaintiff also argues that the Second Amended Complaint "do[es] not allege contributory infringement" because the allegation was made "in the alternative." (*See* Opp'n, Dkt. No. 42 at 6.) Not only is this argument contradicted by the plain words of the Second Amended Complaint – which clearly alleges that Blackmagic "is contributing to and/or inducing . . . infringement" (*see* 2d Am. Compl., Dkt. No. 22, ¶¶ 16, 25) – but the quotation that Plaintiff identified in its opposition brief does not even appear in the Second Amended Complaint as Plaintiff contends. Instead, the quotation appears in the First Amended Complaint, which is no longer operative in this litigation. (*See* 1st Am. Comp., Dkt. No. 21, Prayers for Relief C, D.) Regardless, Plaintiff cited no case law to support its argument that it can pick and choose whichever alternative claim suits its needs at any given moment, and ignore the remaining claims as if they no longer exist. Moreover, to the extent that Plaintiff is asserting that claims made in the alternative are not operative, this argument would effectively nullify its claims for direct and induced infringement, both of which were also made in the alternative. This argument should be rejected.

Because Plaintiff provides no other arguments opposing the dismissal of the indirect infringement claims in the Second Amended Complaint, these claims, which appear in paragraphs 16-17 and 25-26 of the Second Amended Complaint, should be dismissed. Finally, as noted above, Plaintiff failed to address Blackmagic's alternative argument to strike these paragraphs because they are not connected to any claim for relief that Plaintiff seeks. (*See* Mot.

to Dismiss, Dkt. No. 30, at 8-9.)  Accordingly, even if these claims are not dismissed, they should still be struck for the reasons stated in Blackmagic's opening brief.  (*See id.*)

## CONCLUSION

Blackmagic respectfully requests that this Court strike Plaintiff's Third Amended Complaint under Rule 12(f) and its inherent powers because Plaintiff attempted to enter it without complying with the provisions of Rule 15.  Alternatively, Blackmagic requests that this Court exercise its broad discretion under Rule 15 to deny entry of the Third Amended Complaint because the proposed amendments to the induced infringement claims are futile and because Plaintiff has had multiple opportunities to correct these deficiencies.

In the event that Plaintiff's Third Amended Complaint is struck, Blackmagic further requests that this Court grant its motion to dismiss, or in the alternative to strike, Plaintiff's bare assertions of contributory and induced infringement contained in the Second Amended Complaint.  These conclusory allegations are located in paragraphs 16-17 and 25-26, and fail to state a plausible claim for relief as required under *Iqbal* and *Twombly*.  Granting both of these motions would significantly simplify this litigation and allow the parties to move past the pleading stage in this litigation.

Dated:  September 4, 2020

Respectfully submitted,

SEED IP LAW GROUP LLP

 s/Jeffrey E. Danley
Jeffrey E. Danley
701 Fifth Avenue, Suite 5400
Seattle, WA 98104
Tel. 206-622-4900
Fax. 206-682-6031
JeffD@seedip.com

Attorneys for Defendant
Blackmagic Design, Inc.

7531975_1