Kirk. J. Anderson (SBN 289043)
kanderson@budolaw.com
BUDO LAW P.C.
5610 Ward Rd., Suite #300
Arvada, CO 80002
(720) 225-9440 (Phone)
(720) 225-9331 (Fax)

Isaac Rabicoff
*Of Counsel*
RABICOFF LAW LLC
73 W Monroe St
Chicago, IL 60603
773-669-4590
isaac@rabilaw.com

Counsel for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **CEDAR LANE TECHNOLOGIES INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **BLACKMAGIC DESIGN INC.**, <br><br> Defendant. | **C.A. No.: 3:20-cv-01302-VC** <br><br> **TRIAL BY JURY DEMANDED** |

### PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER

1

PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER

On October 1, 2020, this Court entered an order (the "Show Cause Order") for Plaintiff Cedar Lane Technologies

> to show cause as to why this case should not be dismissed for failure to prosecute, and why counsel for Cedar Lane should not be sanctioned for their repeated failure to comply with Rule 15 and their misrepresentations regarding the language of Rule 15 in their submissions to the Court.

Dkt. 47. Pursuant to the Show Cause Order, Plaintiff files this response along with declarations from Plaintiff's counsel: Isaac Rabicoff and Kirk Anderson.

Regarding the Court's question as to whether this case should be dismissed, Plaintiff respectfully asks that this question be considered moot given that the parties recently reached an out-of-court agreement and will be filing a stipulated notice of dismissal. Plaintiff's intention in filing the notice of dismissal is not to avoid the Court's Show Cause Order, which it intends to address to the Court's full satisfaction. Rather, it is Plaintiff's intention to resolve the parties' disputes and reduce the Court's burden.

With respect to the Court's question as to whether sanctions are appropriate, Plaintiff respectfully argues they are not. Counsel recognizes now that it filed amended complaints in error and not in accordance with Fed. Rules Civ. Pro. 15. Consequently, counsel regrets its errors as well as any burden it caused to the Court, counsel, or defendant. Importantly, counsels' actions were not motivated by bad faith and/or the intention of misleading the Court. Rather, counsels' errors were at most inadvertent and/or simple negligence.

**A. October 1 Hearing.**

Plaintiff was fully prepared to address the Court's concerns at the October 1st hearing. Unfortunately, at least two factors contributed to counsel's absence. First, although counsel was on-time for the Zoom hearing, counsel failed to pre-register and was not admitted. This was the result of counsel's reliance on the Court's website (that does not mention pre-registration) rather than the Court's docket entry (Dkt. No. 46 which explicitly notes in the heading: "REQUIRING ADVANCE REGISTRATION"). *See* Declaration of Isaac Rabicoff ("Rabicoff Decl.") at ¶ 2; Declaration of Kirk Anderson ("Anderson Decl.") at ¶¶ 3-6. Second, because the hearing was scheduled two days after it was docketed, counsel's scheduling procedure—which would include double-checking the docket—was less rigorous than usual. *See* Rabicoff Decl. at ¶ 2(a). Counsel raises these points not to excuse its absence, but rather to provide context and further assure the Court that it was acting in good faith.

**B. Failure to Comply with Rule 15 Obligations.**

With respect to Plaintiff's Rule 15 obligations, counsel did not knowingly disregard FRCP 15. Lead counsel now recognizes its position regarding Rule 15 was incorrect. *See* Rabicoff Decl. at ¶ 2(f); Plaintiff's Response to Defendant's Motion to Strike (Dkt. No. 42), at 4, Section 3.1. Indeed, lead counsel "greatly regret[s] the inconvenience caused to the Court, and ha[s] updated firm procedures to make certain that no error of this nature will ever happen again." *See* Rabicoff Decl. at ¶ 2(f). Local counsel notes it was aware that Rule 15 provides for only one amendment as a matter of course, and regrets (a) not confirming whether lead counsel had either the Court's or opposing counsel's

permission to file additional complaints, and (b) not paying more diligent heed to examining the papers before filing. See Anderson Decl. at ¶ 8.

As explained in Mr. Rabicoff's declaration, it was Plaintiff's intention to file amended complaints in order to rectify Defendant's concerns. Indeed, the second amended complaint was filed shortly after the first after Defendant informed Plaintiff that a stray reference to "contributory infringement" remained. See Rabicoff Decl. at ¶ 3(c). Counsel avers:

> Plaintiff's counsel did not intentionally deviate from FRCP 15(a)(1) in filing Second and Third Amended Complaints, but rather, as lead counsel, I had committed an error by treating this provision as triggering each time a Rule 12(b) Motion is filed, as argued in Plaintiff's Opposition to Defendant's Motion to Strike. ECF No. 42.

Rabicoff Decl. at ¶ 3(f). Counsels' actions were not motivated by bad faith, but instead arose from a misunderstanding of FRCP 15(a)(1).

Plaintiff recognizes the weight of the Court's Order to Show Cause and the implications it raises for increased diligence. Plaintiff heeds that admonition and respectfully requests that the Court abstain from applying sanctions.

Dated:  October 14, 2020                    Respectfully submitted,

                                            /s/ KIRK J. ANDERSON
of Counsel:                                 KIRK. J. ANDERSON (SBN
Isaac Rabicoff                              289043)
RABICOFF LAW LLC                            kanderson@budolaw.com
73 W Monroe St                              BUDO LAW P.C.
Chicago, IL 60603                           5610 WARD RD., SUITE #300
773-669-4590                                ARVADA, CO 80002
isaac@rabilaw.com                           (720) 225-9440 (PHONE)

4
**PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER**

(720) 225-9331 (FAX)

**Counsel for Plaintiff**
**Cedar Lane Technologies Inc.**