Isaac Rabicoff
*Of Counsel*
RABICOFF LAW LLC
73 W Monroe St
Chicago, IL 60603
773-669-4590
isaac@rabilaw.com

Counsel for Plaintiff
Cedar Lane Technologies Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **CEDAR LANE TECHNOLOGIES INC.,** | **C.A. No.: 3:20-cv-01302-VC** |
| **Plaintiff,** | **TRIAL BY JURY DEMANDED** |
| **v.** | |
| **BLACKMAGIC DESIGN INC.,** | |
| **Defendant.** | |

### DECLARATION OF ISAAC RABICOFF IN SUPPORT OF
### PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER

I, Isaac Rabicoff, declare as follows:

1.      I am lead counsel in this action for Plaintiff. I am a member of the

Bar of the States of Illinois and Virginia. I have personal knowledge of the

**1**

matters stated in this declaration and would testify truthfully to them if called upon to do so.

**2.      October 1, 2020 Hearing.**

a.      This Court entered an order, on September 29, setting a hearing on Defendant's Motion to Dismiss, for two days later, on October 1. ECF No. 29.

b.      My firm reviewed this order, and docketed the date using a doubly redundant docketing system (Google Calendar and a task-management application that also tracks events and deadlines).

c.      The order directed counsel to review the Zoom meeting instructions at the Court's website (https://www.cand.uscourts.gov/judges/chhabria-vince-vc/). The directions on the website provided what appeared to be a full set of directions for counsel to appear in a Zoom meeting, including the Zoom link, Webinar ID, and password. It further instructed that "If you are a case participant, you will join as an attendee, then you will be brought into the proceeding by court staff."

d.      Admittedly, my firm committed an error in relying only on the website instructions, and overlooking the directions with the Court order itself, which directed participating counsel to also register in advance (by no later

**2**

**DECLARATION IN SUPPORT OF PLAINTIFF'S RESPONSE TO SHOW CAUSE**

than the next day after the order was entered). Though I have appeared in several Zoom meetings this year, I had been unfamiliar with this procedure of preregistering.

e.      On October 1, 15 minutes before the hearing time, I attempted to enter the Zoom meeting with the information provided on the Court website. This information had been saved in the docketing system for quick access. From that time, until 10:15 AM, I waited in the Zoom "waiting" room, believing that the previous hearing had perhaps gone over time. At 10:15 AM, I both called and emailed Ms. Kristen Melen, the Court's deputy clerk— without success.

f.      Ultimately, I was unable to access the hearing and prevented from appearing.

g.      I greatly regret the inconvenience caused to the Court, and have updated firm procedures to make certain that no error of this nature will ever happen again.

3.      **Plaintiff's Requests to Amend Pleadings.**

a.      This action commenced on February 20, 2020. ECF No. 1.

b.      Four months later, Defendant filed a non-dispositive Motion to Dismiss all counts with respect to indirect infringement. ECF No. 16.

**3**

**DECLARATION IN SUPPORT OF PLAINTIFF'S RESPONSE TO SHOW CAUSE**

c.      Plaintiff responded by amending pleadings to provide clarification on the nature of the indirect infringement allegations. ECF No. 21. Among other things, Plaintiff removed the contributory infringement count, relying upon specific representations of the Defendant in its Motion to Dismiss. Shortly thereafter, after a teleconference with the Defendant, Plaintiff amended the Complaint a second time to make completely clear that contributory infringement was no longer alleged (though the count for contributory infringement had been removed, the relief section requested all "appropriate" damages which may include contributory infringement).

d.      Defendant then filed a second Motion to Dismiss, this time focusing on, among other things, the alleged lack of specific pleadings with regard to induced infringement related to materials that would lead customers to commit acts of infringement (this evidence could be found throughout the claim charts attached to the Complaint, including the many references to accused product information and directions). ECF No. 30.

e.      Though Plaintiff reasonably believed that the allegations of inducement well exceeded the pleading requirements in the First Amended Complaint, Plaintiff supplemented the evidence of induced infringement in a Second Amended Complaint. ECF No. 35.

**4**

**DECLARATION IN SUPPORT OF PLAINTIFF'S RESPONSE TO SHOW CAUSE**

f.      Plaintiff's counsel did not intentionally deviate from FRCP 15(a)(1) in filing Second and Third Amended Complaints, but rather, as lead counsel, I had committed an error by treating this provision as triggering each time a Rule 12(b) Motion is filed, as argued in Plaintiff's Opposition to Defendant's Motion to Strike. ECF No. 42. Plaintiff's counsel deeply regrets the inconvenience to this Court in making these requests for amendment as of right, and has taken the Order (ECF No. 47) under serious advisement for all future proceedings.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  October 14, 2020            /s/ Isaac Rabicoff
                                     Isaac Rabicoff
                                     Rabicoff Law LLC
                                     *Of Counsel*
                                     Counsel for Plaintiff

**5**

**DECLARATION IN SUPPORT OF PLAINTIFF'S RESPONSE TO SHOW CAUSE**