UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDAR LANE TECHNOLOGIES INC., | Case No.  20-cv-01302-VC |
| Plaintiff, | |
| v. | **ORDER IMPOSING SANCTIONS AND REFERRING ATTORNEY RABICOFF TO STANDING COMMITTEE ON PROFESSIONAL CONDUCT** |
| BLACKMAGIC DESIGN INC., | |
| Defendant. | |

While representing plaintiff Cedar Lane Technologies in this patent infringement suit, Isaac Rabicoff and Kirk Anderson: (i) repeatedly flouted Rule 15 by filing multiple amended complaints without seeking leave from the Court or consent from defendant Blackmagic Design; (ii) made objectively frivolous and misleading arguments in defending their defective filings; and (iii) failed to appear at a hearing on Blackmagic's motions to strike and dismiss. The Court issued an order to show cause why Rabicoff and Anderson should not be sanctioned for this conduct. In response, both attorneys made misleading statements about the procedural history of the case.

Rule 11 sanctions are warranted against Anderson because, as he now admits, he took positions in his filings that were objectively frivolous. Sanctions pursuant to both Rule 11 and the Court's inherent authority are warranted against Rabicoff because he took the same objectively baseless positions and did so in bad faith.

Furthermore, the process of investigating the above-referenced misconduct revealed potential larger-scale misconduct by Rabicoff. It turns out that although Rabicoff is a serial filer of patent lawsuits in the Northern District of California, he is not admitted to practice in this district. Sometimes he seeks pro hac vice admission in these lawsuits, which is improper for

someone who practices regularly here. But often Rabicoff does not even bother to seek pro hac vice admission or pay the required fee. Instead, he settles or otherwise dismisses the suits before his failure to seek admission or pay the fee is detected by the Court. Rabicoff is thus referred to the Northern District's Standing Committee on Professional Conduct for further investigation into whether he has been systematically violating the local rules or otherwise acting illegally or unethically in connection with his patent law practice in this district.

## I

This case was filed by Cedar Lane against Blackmagic alleging patent infringement. Throughout the lawsuit, Anderson and Rabicoff have served as attorneys for Cedar Lane. Anderson is licensed in California and is a member of the Northern District of California bar; Rabicoff is licensed in Illinois and Virginia and is not a member of this district's bar. On the original complaint, Anderson appeared as lead counsel and Rabicoff as "Pro Hac Vice admission to be filed."

After Blackmagic filed a motion to dismiss, Cedar Lane filed a first amended complaint, as it was entitled to do under Federal Rule of Civil Procedure 15(a)(1). Five days later, and before Blackmagic had responded to the first amended complaint, Cedar Lane filed a second amended complaint. On both the first and second amended complaints, Anderson appeared as lead counsel and Rabicoff as "Pro Hac Vice admission to be filed."

In response to the second amended complaint, Blackmagic filed a "Notice of Non-Opposition to Entry of Second Amended Complaint." The notice explained that the filing of the second amended complaint was defective under Federal Rule of Civil Procedure 15 because Cedar Lane had already amended its complaint once as of right, and had not received Blackmagic's written consent or the Court's permission before amending a second time, as required under the rule. *See* Fed. R. Civ. P. 15(a)(2). Blackmagic further explained that it did not oppose the entry of the second amended complaint despite this defect, and requested permission to file a new motion to dismiss if the Court accepted the new complaint. The Court ordered that the second amended complaint would become the operative complaint and denied the first

motion to dismiss as moot. Blackmagic then moved to dismiss the second amended complaint.

Eleven days later, Cedar Lane filed a third amended complaint, with Anderson still appearing as lead counsel and Rabicoff as "Pro Hac Vice admission to be filed." Blackmagic filed a motion to strike this complaint on the ground that Cedar Lane had once again failed to comply with Rule 15's requirements by amending its pleadings without receiving written consent from Blackmagic or permission from the Court.

Cedar Lane opposed Blackmagic's motion to strike. In the opposition brief, Cedar Lane argued that it had complied with Rule 15 because the rule allows a plaintiff to amend its pleadings as of right *every time* the defendant files a new motion under Rule 12(b), (e), or (f). Anderson was listed as lead counsel on this brief and Rabicoff was listed as "of Counsel."

On October 1, a hearing was held on Blackmagic's motion to dismiss and motion to strike. Neither Anderson nor Rabicoff pre-registered for the hearing, as the parties were told they were required to do, and neither showed up for the hearing itself. Rabicoff emailed the Court about 15 minutes after the start of the hearing stating that there had been a "misunderstanding" about how to connect via zoom and that he "inadvertently attempted to connect through the zoom information provided on Judge's website." This email was not seen until after the hearing had ended.

The Court granted Blackmagic's motion to strike the third amended complaint and issued an order to show cause as to why the case "should not be dismissed for failure to prosecute, and why counsel for Cedar Lane should not be sanctioned for their repeated failure to comply with Rule 15 and their misrepresentations regarding the language of Rule 15 in their submissions to the Court." The Court later clarified that the order to show cause applied to both Anderson and Rabicoff, and that each must respond separately.

In their response to the order to show cause, on which Anderson appeared as lead counsel and Rabicoff as "of Counsel," Rabicoff and Anderson first noted that the question of whether the case should be dismissed for failure to prosecute had become moot because the parties had reached an out-of-court agreement. Shortly after, the parties filed a joint stipulation of dismissal

with prejudice, with each side bearing its own costs, expenses, and attorney's fees.

Also in the response, Anderson and Rabicoff explained that their failure to appear for the October 1 hearing was in part "because the hearing was scheduled two days after it was docketed, [so] counsel's scheduling procedure—which would include double-checking the docket—was less rigorous than usual." Both Rabicoff and Anderson also asserted in their personal declarations that the Court had scheduled the October 1 hearing only two days before the hearing itself. Rabicoff further declared that he was "lead counsel" in the action, and that he had not intentionally violated Rule 15 but had simply misinterpreted the rule as allowing the plaintiffs to file a new complaint after each new motion to dismiss. Anderson, in contrast, declared that he knew Rule 15 did not allow this, but that he had not adequately reviewed either the complaints or the opposition brief before they were filed.

In response to a request by the Court, Rabicoff also submitted a chart with information about his history of litigation in the Northern District of California over the past five years.[1] The Court has not verified any of the information in Rabicoff's chart, but it represents that from July 2018 through October 2020 he filed 49 lawsuits in this district. All of them were patent cases in which he says he served as lead counsel. In 29 of the 49 cases, Rabicoff did not seek admission to appear pro hac vice or pay the pro hac vice application fee. In one case, a law firm associate appeared and filed the pro hac vice application and fee, but Rabicoff, acting as lead counsel, did not. Anderson served as local counsel in six of Rabicoff's 49 cases.

Two weeks before the hearing on the order to show cause (and after the parties had submitted a stipulation to dismiss the case), Rabicoff filed his motion to appear pro hac vice, naming Anderson as local co-counsel. The address for Anderson that Rabicoff provided was a Colorado address; no local California address was provided. At the hearing, the lawyers stated that it was Rabicoff who had authored the opposition brief and who had served as lead counsel for the entirety of the lawsuit.[2]

---

[1] This chart was supplemented and updated after the hearing on the order to show cause.

[2] Both Rabicoff and Anderson submitted proposed supplemental declarations after the hearing on

## II

Federal Rule of Civil Procedure 11 provides that when an attorney presents "a pleading, written motion, or other paper" to a court, the attorney "certifies that to the best of [his or her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law" and "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(2), (b)(3). Representations that are "legally frivolous" or "factually misleading" are sanctionable. *Truesdell v. Southern California Permanente Medical Group*, 293 F.3d 1146, 1153 (9th Cir. 2002). A Court may issue monetary sanctions against an attorney on its own initiative if it issues an order to show cause before voluntary dismissal or settlement of the case. Fed. R. Civ. P. 11(c)(3), (c)(5)(B). Sanctions imposed under Rule 11 on a court's own initiative are ordinarily only proper when an attorney's conduct is something akin to contempt of court. *See United National Insurance Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1116 (9th Cir. 2001).

Courts can also impose monetary sanctions under their inherent authority if an attorney acts in bad faith or engages in conduct "tantamount to bad faith." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). This encompasses a "broad range of willful improper conduct," including when an attorney's actions are simultaneously reckless and frivolous. *Id.* at 992, 994.

Rule 11 sanctions are warranted against Rabicoff based on the objectively frivolous arguments and misleading statements he made. First, the argument he advanced in the opposition brief—that Rule 15 allows a plaintiff to amend its complaint as a matter of right every time the defendant files a Rule 12(b) motion—is objectively frivolous. The argument defies Rule 15's plain language, which provides that a party "may amend its pleading *once* as a matter of course within . . . 21 days after service of a motion under Rule 12(b)," but that for "other amendments" and "[i]n all other cases, a party may amend its pleading only with the opposing party's written

---

the order to show cause; the motion to consider those supplemental filings is granted.

consent or the court's leave." Fed. R. Civ. P. 15(a) (emphasis added). The argument also defies common sense, as it would allow plaintiffs to endlessly file new complaints in response to every new motion to dismiss. During the hearing on the order to show cause, both Rabicoff and Anderson admitted that the interpretation advanced in the opposition brief was objectively frivolous. And although Rabicoff maintained that at the time he wrote the brief he made an honest mistake about Rule 15's interpretation—and only later understood the objectively frivolous nature of his argument—Rabicoff was put on notice of Rule 15's clear requirements when Blackmagic filed its notice of non-opposition to the second amended complaint.

Moreover, the manner in which Rabicoff quoted Rule 15 in his opposition brief was misleading. Specifically, Rabicoff quoted Rule 15 in the context of making the following assertion: "The Federal Rules allow a party to amend pleadings as of right '21 days after service of a responsive pleading or **21 days after service of a motion under Rule 12(b)**, (e), or (f), whichever is earlier.'" But Rabicoff selectively omitted the key phase which immediately precedes the quoted language and provides that a party can amend pleadings "once as a matter of course" 21 days after service of a Rule 12(b) motion, not every time a Rule 12(b) motion is filed.

These were not the only deceptive statements Rabicoff made. He also argued in the response to the order to show cause (and in his personal declaration in support of the response) that his failure to register and appear for the October 1 hearing was in part due to the Court having scheduled the hearing two days prior, on September 29. But the October 1 hearing was scheduled on August 6, eight weeks before it occurred. What happened on September 29 was that the parties received notice (and instructions) that they must pre-register to appear by Zoom in advance of the hearing. Rabicoff thus attempted to suggest that the Court was somehow responsible for his failure to appear at the hearing because he did not receive adequate notice, when in fact he was on notice for two months. In addition, Rabicoff's representations to the Court about his role in this case have been misleading. He alternately described himself as "of Counsel" and "Pro Hac Vice admission to be filed" on the filings, but asserted in his declaration that he is "Lead Counsel." Rabicoff has not provided a satisfactory answer for these

discrepancies. Moreover, considering all of the circumstances in this case, including his responses and demeanor during the hearing on the order to show cause, the Court finds that the position Rabicoff took regarding Rule 15 amounts to bad faith. Sanctions are thus also justified under the Court's inherent authority. *See Fink*, 239 F.3d at 994.

Rule 11 sanctions are also warranted against Anderson. As Anderson acknowledged, he had a continuing obligation as local co-counsel and as signatory to the briefs to ensure that they did not contain frivolous arguments or misleading statements. He stated that he knew at the time the opposition brief was filed that its interpretation of Rule 15 was objectively frivolous, but that he simply did not review the brief before filing it or know that this was the argument it advanced. For purposes of Rule 11, this does not matter: an attorney certifies that a motion makes nonfrivolous arguments by "signing, filing, [or] submitting" it. Fed. R. Civ. P. 11(b). Anderson did all three, and his failure to review the brief before he signed and filed it was reckless. And although Anderson would be sanctioned based on that conduct alone, he made things worse by signing, filing, and submitting the response to the order to show cause, which, as described above, wrongfully implied that Rabicoff's failure to appear at the October 1 hearing was partially due to the Court having scheduled the hearing two days before it occurred. Anderson's declaration in support of the response made similar representations. At the hearing on the order to show cause, Anderson stated that his understanding of the schedule came from Rabicoff, but it was obvious by that time that Rabicoff could not be trusted to truthfully tell him what was happening. Anderson could have and should have verified this information himself before signing the response or submitting the sworn declaration.

However, unlike Rabicoff, Anderson does not appear to have proceeded in bad faith. He certainly should have been far more vigilant in complying with his duties as local counsel and reviewing the filings he signed and filed, and his conduct was reckless. But he does not seem to be the one primarily responsible for the false representations made to the Court.

### III

When there is reason to believe an attorney has engaged in unprofessional conduct, the

Court may, in addition to ordering sanctions, refer the matter to the Northern District of California's Standing Committee on Professional Conduct. *See* Civil Local Rule 11-6. Rabicoff is referred to the Committee for an investigation into the broader practices discussed in this order. Specifically, Rabicoff's chart asserts that he has filed 49 patent cases in this district in just over two years. Attorneys who regularly practice in the Norther District of California must be admitted to practice here; they may not appear pro hac vice. *See* Civil Local Rule 11-3. Moreover, Rabicoff appears to be engaging in a deliberate scheme to avoid paying pro hac vice fees—he has failed to seek admission to proceed pro hac vice or pay the corresponding fee in 30 of the 49 cases listed on his chart.

It bears emphasis that the Court has not investigated whether the information provided in Rabicoff's chart is complete or accurate. Nor has the Court fully explored all the potential rule violations that Rabicoff has committed. The Court requests that the Committee more thoroughly investigate and evaluate Rabicoff's practices and report back to the Court in writing with its findings.

**IV**

Anderson is sanctioned $500 under Rule 11 for his frivolous arguments and misrepresentations in the opposition brief and in response to the order to show cause. Rabicoff is sanctioned $1,000 pursuant to Rule 11 and the Court's inherent authority for his frivolous arguments and misrepresentations in the opposition brief and in response to the order to show cause. Payment shall be made to the Clerk of the Court within 14 days of this order. Rabicoff is also referred to the Northern District's Standing Committee on Professional Conduct for further investigation into his practices of filing patent lawsuits in this Court.

Rabicoff's motion to appear pro hac vice is denied.

The parties' stipulation to dismiss the case with prejudice—filed after the order to show cause was issued—is now granted.

**IT IS SO ORDERED.**

Dated: November 19, 2020

VINCE CHHABRIA
United States District Judge