JEFFER MANGELS BUTLER & MITCHELL LLP
MATTHEW S. KENEFICK (Bar No. 227298)
*mkenefick@jmbm.com*
Two Embarcadero Center, 5th Floor
San Francisco, California 94111
Telephone: (415) 398-8080
Facsimile: (415) 398-5584

Attorneys for Isaac Rabicoff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDAR LANE TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> BLACKMAGIC DESIGN INC., <br><br> Defendant. | Case No. 3:20-cv-01302-VC <br><br> [Assigned to the Honorable Vince Chhabria] <br><br> **MOTION OF ISAAC RABICOFF TO ALTER OR AMEND JUDGMENT PURSUANT TO FRCP 59(e)** <br><br> **[NO ORAL ARGUMENT REQUESTED]** <br><br> Time: 10:30 a.m. <br> Date: January 26, 2021 <br> Place: Courtroom 4 *Via Zoom Webinar* <br> Judge: Honorable Vince Chhabria <br><br> Complaint filed: February 20, 2020 <br> Dismissal entered: November 19, 2020 |

**NOTICE OF MOTION AND MOTION [L.R. 7-2(b)(2)]**

PLEASE TAKE NOTICE that on January 26, 2021 at 10:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 4 of the United States District Court for the Northern District of California located at 450 Golden Gate Avenue, San Francisco, California 94012, before the Honorable Judge Vince Chhabria, Isaac Rabicoff ("**Rabicoff**") will, and hereby does, bring this Motion to Alter or Amend Judgment Pursuant to FRCP 59(e).  The hearing shall be conducted via Zoom Webinar.

**RELIEF REQUESTED [L.R. 7-2(b)(3)]**

Rabicoff respectfully requests, pursuant to Federal Rule of Civil Procedure 59(e), the Court reconsider the finding that Rabicoff acted in bad faith in connection with filing amended complaints and in the positions he took to defend such actions.  Rabicoff also respectfully requests the Court reconsider the finding that Rabicoff made deceptive statements as to why he missed the October 1, 2020 hearing.  This motion is based on this Notice and Motion, the Memorandum of Points and Authorities, and such evidence and argument as may be submitted.

DATED: December 16, 2020          Respectfully submitted,

JEFFER MANGELS BUTLER & MITCHELL LLP
MATTHEW S. KENEFICK


By:      /s/  Matthew S. Kenefick
             MATTHEW S. KENEFICK
           Attorneys for Isaac Rabicoff

## MEMORANDUM OF POINTS AND AUTHORITIES [L.R. 7-4]

**I.     INTRODUCTION**

Isaac Rabicoff ("**Rabicoff**"), counsel for Plaintiff, respectfully requests the Court reconsider some of the factual findings in its November 19, 2020 Order Imposing Sanctions and Referring Rabicoff to Standing Committee on Professional Conduct [Document No. 61] (the "**Sanctions Order**.")

Rabicoff acknowledges, and sincerely apologizes, for the procedural irregularities and sloppiness in the way he handled this case. He fully accepts the consequences of his actions and will respect the Court and its procedures better in the future. Rabicoff accepts the Court's Rule 11 sanctions and has paid that amount. Rabicoff will work with the Standing Committee to address his pro hac vice practice and the conduct which is the subject of the Sanctions Order. Rabicoff, however, respectfully requests that the Court revisit two findings in its sanctions order: i) that he acted in bad faith in connection with filing amended pleadings and defending such conduct; and ii) that he made deceptive statements regarding the reason he missed the October 1, 2020 hearing on Defendant's motion to dismiss/strike. Rabicoff is not re-arguing the merits of the underlying issues; rather, he is asking the Court to respectfully reconsider its findings of bad faith and intention to mislead the Court. Rabicoff could have, should have, and will in the future, do better and be more diligent. Rabicoff acknowledges that the lack of bad faith is not a defense to Rule 11 sanctions and is not challenging the Court's imposition of sanctions.

As such, Rabicoff respectfully requests the Court reconsider these findings in its Sanctions Order. Since the matter was dismissed, instead of a motion for reconsideration pursuant to Local Rule 7-9, precedent suggests that Rule 59(e) is the appropriate mechanism for this request.

**II.    STATMENT RELEVANT FACTS [L.R. 7-4(a)(4)]**

**February 20, 2020**. Plaintiff filed its complaint for this action. Document No. 1.

**June 26, 2020**. Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Document No. 16.

**June 26, 2020.** Defendant filed its answer to Plaintiff's Complaint. Document No. 19.

**July 1, 2020**. Plaintiff filed its first amended complaint without seeking leave of court.

Document No. 21.

**July 6, 2020**.  Plaintiff filed its second amended complaint without seeking leave of court.  Document No. 22.

**July 20, 2020.**  Defendant filed a motion to strike (Rule 12(f)) and to dismiss (Rule 12(b)(6)) Plaintiff's second amended complaint.  Document No. 30.

**July 20, 2020.**  Defendant filed its answer.  Document No. 31.

**July 31, 2020**.  Plaintiff filed its third amended complaint without seeking leave of court.  Document No. 35.

**August 14, 2020**.  Defendant filed a motion to strike (Rule 12(f)) and to dismiss (Rule 12(b)(6)) Plaintiff's third amended complaint.  Document No. 39.

**August 21, 2020**.  Plaintiff filed its opposition to Defendant's motion to strike and dismiss.  Document No. 42.

**October 1, 2020**.  The Court heard oral argument on Defendant's motion to strike and dismiss.  Plaintiff's Counsel failed to attend that hearing.  The Court issued an order for Plaintiff to show cause as to why the matter should not be dismissed for failure to prosecute and why Plaintiff's Counsel should not be sanctioned for repeatedly failing to comply with Rule 15 and making misrepresentations to the Court about the language of Rule 15.  Document No. 47.

**October 14, 2020**.  Plaintiff's Counsel filed its response to the Court's October 1, 2020, show cause order, supported by declarations of Rabicoff and his local counsel Kirk Anderson.  Document No. 51.

**October 16, 2020**.  The parties filed a joint request for dismissal pursuant to Rule 41.  Document No. 52.

**November 3, 2020**.  The Court issued an order requesting Rabicoff provide a summary of all cases he has appeared in before the Northern District of California in the past five years.  Document No. 56.

**November 6, 2020**.  Rabicoff filed the information requested in the Court's November 3 order.  Document No. 57.

**November 12, 2020**.  The Court conducted a hearing on the show cause order and ordered

1  Rabicoff to submit an updated appearance chart by 5 p.m. on November 13.  Document No. 59.

2  **November 13, 2020**.  Rabicoff submitted the information requested by the Court in the
3  November 12 hearing.  Document No. 60.

4  **November 19, 2020**.  The Court issued its order finding Rabicoff and Kirk Anderson in
5  violation of Rule 11 and finding, *inter alia*, that they improperly filed multiple amended
6  complaints without first seeking leave, made frivolous and misleading arguments defending the
7  defective filings, and failed to appear at Defendant's motion to strike and dismiss.  The Court
8  sanctioned Rabicoff $1,000 and referred him to the Standing Committee on Profession Conduct
9  regarding his conduct and pro hac vice practice.  The Court dismissed the matter with prejudice
10 pursuant to stipulation of the parties.  Document No. 61.

11 **December 8, 2020**.  ECF receipt of Rabicoff's $1,000 payment of the sanction order.
12 Document No. 62.

13 **III.   STATEMENT OF THE ISSUES TO BE DECIDED [L.R. 7-4(a)(3)]**

14 Rabicoff respectfully requests the Court reconsider two findings in its Sanctions Order:

15 1.   That Rabicoff acted in bad faith in connection with amending Plaintiff's
16 complaints and defending such actions; and

17 2.   That Rabicoff made deceptive statements as to why he missed the October
18 1, 2020 hearing on Defendant's motion to strike.

19 **IV.   LEGAL ARGUMENT [L.R. 7-4(A)(5)]**

20 **A.   FRCP 59(e) Is The Appropriate Procedural Mechanism For The Court To Consider Rabicoff's Request**

21

22 Rabicoff is requesting the Court reconsider some of its factual findings.  While Local Rule
23 7-9 provides a mechanism for a motion for reconsideration, since the case has been dismissed, a
24 Federal Rule of Civil Procedure 59(e) motion is the appropriate mechanism.  *See*, *Am. Ironworks*
25 *& Erectors v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001) ("a 'motion for
26 reconsideration' is treated as a motion to alter or amend judgment under Federal Rule of Civil

27
28

Procedure Rule 59(e) if it is filed within ten days of entry of judgment").[1] *Accord. Carranza v. G.D. Lewis*, No. C12-01169 (N.D. Cal. Aug. 21, 2012); *Sanderson v. Gipson,* C12-01595 (N.D. Cal. Oct. 3, 2014). A Rule 59(e) motion may be granted to "correct manifest errors of law or fact upon which the judgment rests…" *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Although a Rule 59(e) motion permits a district court to alter or amend a judgment, it "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). Relief from judgment under Rule 59(e) is "extraordinary" and "should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999).

Here, Rabicoff has filed the instant motion within 28-days of the entry of the November 19, 2020 dismissal order and therefore it is timely. He is respectfully asking the Court to reconsider the following factual conclusions in the Sanctions Order:

### B. The Factual Findings That Rabicoff Respectfully Requests The Court Reconsider

#### 1. The Finding Of Bad Faith Regarding Rule 15 (Document 61 pp.1, 7)

On pages 1 and 7 of the Sanctions Order (Document 61), the Court found that Rabicoff engaged in bad faith in arguing that Rule 15 permitted a plaintiff to amend its complaint in response to a Rule 12(b) motion (Document 42 at p.4:5-10). The Sanctions Order concludes that Rabicoff "selectively omitted" the portion of Rule 15 that provides that a party may amend its complaint "once as a matter of course…" *See* Document No. 61 at p.6.

Rabicoff respectfully submits that he did not omit the portion of Rule 15 that states "once as a matter of course" to mislead the Court; rather he was making the argument that this phrase does not modify FRCP 15(a)(1)(B) so as to preclude future amendment in response to a 12(b) motion. Although Rabicoff admittedly should have been clearer about this argument, it was not made in bad faith. This was sloppy argument. This was a strained argument. It should never have been made.

---

[1] The time period to file such motion was extended to 28 days pursuant to 2009 amendments.

Although Rabicoff was unaware of the ruling at the time of his conduct in question, Judge Demarchi issued a ruling in 2019 that arguably supports Rabicoff's creative (yet strained) efforts to have the Court broadly construe Rule 15. *See Bellone v. Gadabout Tours, Inc.*, No. 19cv00307 (N.D. Cal. Sept. 10, 2019). *Bellone* is procedurally distinguishable from the instant matter, and therefore, Rabicoff only presents it to the Court for the sole purpose of showing a lack of bad faith – not that the argument below had merit.

In *Bellone*, the plaintiff filed its complaint on January 18, 2019. On July 10, 2019 the plaintiff filed its first amended complaint pursuant to stipulation of the parties. On September 4, 2019, the defendants filed a 12(b)(6) motion. On September 9, 2019, the plaintiff filed a second amended complaint without first seeking leave of court "as a matter of course pursuant to Rule 15(a)(1)(B)." *See Bellone* at *1. In denying the defendants' motion to dismiss, Judge DeMarchi ruled that the second amended complaint was "filed as a matter of right":

> A plaintiff may amend its pleading once as a matter of course within 21 days of service of a motion under Rule 12(b). Fed. R. Civ. P. 15(a). An amended pleading generally supersedes an original pleading…. Because the Gadabout defendants were not named as defendants until the first amended complaint, and they responded to that pleading by filing a motion to dismiss pursuant to Rule 12(b)(6), Mr. Bellone's second amended complaint appears to have been filed as a matter of right within the time to amend permitted under Rule 15(a)(1)(B)…

*Id*. (internal citations omitted).

Unlike the instant matter, the *Bellone* defendants (the Gadabouts) were not named prior to the filing of the first amended complaint – a key distinction. In *Bellone*, however, the plaintiff did file a second amended complaint as a matter of right following the service of a 12(b)(6) motion to the first amended complaint. Additionally, Judge DeMarchi's comments suggest a broad construction of Rule 15 in favor of amendment.[2] As such, Rabicoff respectfully submits that his position regarding Rule 15, while sloppy, inaccurate and strained, was made in a good faith effort to have the Court broadly construe Rule 15 in his client's favor. There was no bad faith, intent to

---

[2] Rabicoff acknowledges that the *Bellone* ruling is not binding precedent on this Court.

conceal or attempt to mislead the Court, and Rabicoff apologizes for creating circumstances from which the Court could reach such a conclusion.

### 2. Finding That Rabicoff Made Deceptive Statements As To Why He Missed The October 1 Hearing

On page 6 of the Sanctions Order, the Court found that Rabicoff made "deceptive statements" by arguing that he missed the October 1 hearing due to it being scheduled 2 days earlier. Rabicoff acknowledges that this is what his declaration states. *See* Document No. 51-2 at p.2:5-8. This statement, while concededly sloppy, was not intended to mislead the Court. As the Court's Sanctions Order notes, the hearing was scheduled on August 6, and Rabicoff was not trying to sequester this fact in his declaration since it was known to the Court. Instead, as the Court also notes, the September 29 Clerk's notice (similar to the Clerk's September 12 notice (Document No. 45)) provided Zoom registration instructions. The Rabicoff declarations (Documents 51-2, 61-3) detail how Mr. Rabicoff attempted to attend the hearing via Zoom, but was unable to do so due to the failure to pre-register. This was not a matter of bad faith or a cavalier disregard for judicial orders or procedures; rather, an error, neglect and poor organization. As such, Rabicoff respectfully submits that the statements made in his October 14 declaration (Document 51-2) were not in bad faith or intended to mislead the Court, and he apologizes for not being more precise in his statements.

## V. CONCLUSION

Rabicoff may have done many things wrong, but he did not act in bad faith or attempt to mislead the Court. Rabicoff takes full ownership of his actions and appreciates the seriousness of the situation. Rabicoff is not challenging the imposition of Rule 11 sanctions and accepts this as the consequences for his conduct. Rabicoff is not attempting to re-argue the merits of the underlying proceedings. Rather, Rabicoff is respectfully asking the Court to reconsider the findings that he acted in bad faith or made deceptive statements.

///
///
///

DATED: December 16, 2020    Respectfully submitted,

JEFFER MANGELS BUTLER & MITCHELL LLP
MATTHEW S. KENEFICK


By:  /s/ Matthew S. Kenefick
    MATTHEW S. KENEFICK
    Attorneys for Isaac Rabicoff